UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE BROWN,<br><br>                 Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; NEWREZ, LLC DBA SHELLPOINT MORTGAGE SERVICING; THE BANK OF NEW YORK MELLON; and DOES 1–10 inclusive,<br><br>                 Defendants. | Case No.: 20-CV-304 JLS (MDD)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS AND REMANDING ACTION**<br><br>(ECF No. 4) |

     Presently before the Court is Defendants Bank of America, N.A. ("BANA"), NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), and The Bank of New York Mellon's ("BONY," collectively "Defendants") Motion to Dismiss ("MTD," ECF No. 4). Plaintiff Roxanne Brown filed an Opposition in Response to, ("Opp'n," ECF No. 6), and Defendants filed a Reply in Support of, ("Reply," ECF No. 7), Defendants' Motion. After considering the Parties' arguments and the law, the Court **GRANTS IN PART** the Motion and sua sponte **REMANDS** this action to the Superior Court of the State of California.

## BACKGROUND

     In December 2011, Plaintiff entered into a Loan Modification Agreement ("LMA")

with BANA that provided for a 30-year loan with an interest rate of 2.875%. Compl. ¶ 14, ECF No. 1. Thereafter, BANA assigned its rights to BONY, and Shellpoint became servicer on the loan. *Id.* ¶ 15. In April 2019, Shellpoint erroneously charged Plaintiff an interest rate of 4.75%. *Id.* ¶ 16. As a result of this change, Plaintiff alleges Defendants damaged her credit and debt-to-income ratio. *Id.* ¶¶ 17–18.

On January 14, 2020, Plaintiff filed her Complaint in the Superior Court of the State of California, County of San Diego, setting forth claims against Defendants for (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; (2) violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, *et seq.*; (3) breach of contract; (4) breach of the duty of good faith and fair dealing; and (5) violation of California Business & Professions Code § 17200, *et seq.* On February 18, 2020, Defendants removed to this Court. *See generally* ECF No. 1. Thereafter, Defendants filed the present Motion to Dismiss. *See generally* MTD.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), it does "require[] more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

*Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## DISCUSSION

### I. Fair Credit Reporting Act

Defendants move to dismiss Plaintiff's FCRA claim on the grounds that (1) Plaintiff cannot establish her credit report contained an inaccuracy, (2) there is no private right of action for furnishing inaccurate credit information, and (3) Plaintiff fails to allege a private right of action under 15 U.S.C. § 1681s-2(b).  MTD at 3–7.  Plaintiff concedes that section 1681s-2(b) does not provide a private right of action, and Plaintiff offered to amend her Complaint and remove the FCRA claim.  Opp'n at 6 n.4.  Plaintiff does not otherwise address Defendants' arguments regarding the FCRA claim.  *See generally* Opp'n.

The Court construes Plaintiff's concession and failure to address Defendants' other arguments as a valid reason to dismiss the FCRA claim.  *See Allen v. Dollar Tree Stores, Inc.*, 475 Fed. Appx. 159, 159 (9th Cir. 2012) (affirming district court's dismissal of plaintiff's claims in which plaintiff's "opposition to the motion to dismiss failed to respond to [the defendant's] argument").

Accordingly, Defendants' motion to dismiss Plaintiff's FCRA claim is **GRANTED**.

### II. Subject Matter Jurisdiction

The propriety of removal depends on whether the case originally could have been filed in federal court.  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Federal courts are courts of limited jurisdiction and generally may only exercise

jurisdiction based on either diversity jurisdiction or federal question jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Defendants removed this case based on federal question jurisdiction, relying on Plaintiff's single federal claim alleging violation of the FCRA. *See* Notice of Removal at 2, ECF No. 1. On September 21, 2020, this Court issued an Order to Show Cause requesting Defendants show why this case should not be remanded for lack of subject matter jurisdiction because Plaintiff conceded her FCRA claim. ECF 9. Defendants agreed that the Court should decline to exercise supplemental jurisdiction where the federal claim has dropped out in the early stages of the lawsuit and only state law claims remain. Resp. to OSC at 3, ECF 10 (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Defendants did not offer an alternative basis for this court to exercise original jurisdiction absent the FCRA claim. Plaintiff did not file a response.

In light of the dismissal of Plaintiff's FCRA claim and because this case is still in its early stages, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendants. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (footnote omitted)); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (citing 28 U.S.C. § 1367(c)(3))).

Therefore, the Court **REMANDS** this action to the Superior Court of the State of California, County of San Diego. *See Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 937–39 (9th Cir. 2003), *opinion amended and superseded on denial of reh'g*,

350 F.3d 916 (9th Cir. 2003) (holding court has discretion whether to remand a case to state court after all federal claims are dismissed).

## CONCLUSION

In sum, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's FCRA claim and **REMANDS** the action to state court for lack of subject matter jurisdiction.

The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: October 26, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge